# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       *Plaintiff,*

vs.                                Case No. 6:11-CR-10102-EFM-01

BRUCE A. MABRY,

       *Defendant.*

## MEMORANDUM AND ORDER

Petitioner Bruce A. Mabry ("Petitioner") brings this Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. Because review of Petitioner's motion and the accompanying court record conclusively shows that he is not entitled to relief, the Court denies the motion without an evidentiary hearing.

### I.      Factual and Procedural Background

The facts surrounding Petitioner's judgment of conviction are as follows. Petitioner was released from prison on June 11, 2010, and placed on parole, the conditions of which included, among other things, restrictions on: (1) interstate travel without the written permission of his parole officer, (2) associating with any person actively engaging in illegal activity, (3) possessing drugs or firearms, and (4) violating state or federal law. Petitioner, his property, and his residence were also subject to search by his parole or other law enforcement officer.

On March 8, 2011, Petitioner informed his parole officer of a change of address to his girlfriend's residence.  Petitioner did not report any contact with law enforcement at that time. However, on March 16, 2011, it was discovered that, in February 2011, Petitioner was detained by Utah law enforcement after being stopped with another parolee in a vehicle that contained twenty-two (22) pounds of marijuana.  An arrest and detain warrant was issued for Petitioner on the basis that he had violated his parole by traveling out of state.  The "Order to Arrest and Detain" was given to Special Enforcement Officer Evans ("SEO Evans"), a special agent employed by the Kansas Parole Office who was also assigned to the U.S. Marshal's Task Force.

On March 17, 2011, SEO Evans and Wichita Police Department Officers Tiede and Norton served the arrest warrant on Petitioner at his recently updated address.  SEO Evans and Officer Tiede approached the front door of the residence while Officer Norton went to the back of the house.  SEO Evans knocked on the front door, which was opened by Averia Balderas ("Balderas"), who was later identified as Petitioner's girlfriend.  SEO Evans advised Balderas as to who he was and requested to speak to Petitioner.  Balderas allegedly stated that she did not want the officers to come into the house and attempted to close the door.

At that point, SEO Evans observed Petitioner, whom he identified from a photo, come from the back area of the house toward the front door.  SEO Evans and Office Tiede then entered the residence and SEO Evans placed Petitioner under arrest.  Simultaneous to Petitioner's arrest, the officers observed marijuana on a tray underneath the coffee table in the living room.  The officers then conducted a protective sweep of the rest of the residence during which Officer Tiede observed a firearm in an open closet in the basement, which she brought upstairs.  By this point, Officer Norton had also entered the residence.

On June 21, 2011, a grand jury indicted Petitioner on six counts: (1) being a felon in possession of a firearm, (2) being a felon in possession of ammunition (two counts), (3) being a user in possession of a firearm, (4) possession of an unregistered firearm, and (5) possession of marijuana.[1]  On August 18, 2011, the grand jury returned an eight-count superseding indictment charging Petitioner with: (1) being a felon in possession of a firearm, (2) being a felon in possession of ammunition (2 counts), (3) being a user in possession of a firearm, (4) possession of an unregistered firearm, (5) possession of marijuana, (6) attempted transportation with the intent to distribute marijuana, and (7) interstate travel in aid of racketeering enterprises.[2]  Petitioner initially entered a plea of not guilty.

The same day, Petitioner filed a motion to suppress any and all evidence seized during the alleged warrantless search of his home.[3]  Following oral argument, this Court determined that, based on a totality of the circumstances, the search of Petitioner's home was valid and therefore denied the motion to suppress.[4]  After this ruling, and pursuant to a plea agreement, Petitioner entered a conditional plea of guilty as to count five of the superseding indictment, possession of an unregistered firearm.  The plea agreement specifically contained a provision that allowed Petitioner to seek an appeal of the Court's denial of his motion to suppress.  The agreement also allowed Petitioner to seek an appeal of his judgment of conviction.  On February

---

[1] Indictment, Doc. 1.

[2] Superseding Indictment, Doc. 20.

[3] Motion to Suppress, Doc. 21.

[4] Order Denying Motion to Suppress, Doc. 35.

3, 2012, this Court sentenced Petitioner to a term of seventy (70) months incarceration.  On February 6, 2012, Petitioner filed a Notice of Appeal with regard to his judgment of conviction.[5]

On September 14, 2013, the Tenth Circuit affirmed this Court's denial of Petitioner's Motion to Suppress, holding that

> the officers had a reasonable suspicion that Mr. Mabry had violated his parole.  In light of Mr. Mabry's diminished expectation of privacy and the State's strong interest in monitoring Mr. Mabry's behavior and preventing his recidivism, this court affirms the district court's denial of Mr. Mabry's motion to suppress on the basis that it was a valid search under the totality of the circumstances.[6]

On May 8, 2014, Petitioner filed a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 (Doc. 63).  In his motion, Petitioner argues that his conviction was obtained: (1) due to an unconstitutional search and seizure, and (2) as a result of a guilty plea that was not made with the understanding of its consequences.  He also claims ineffective assistance of counsel due to an alleged failure to raise and preserve issues for appeal. Based on a review of the record, the Court finds Petitioner's assignments of error to be without merit.

## II.    Legal Standard

Under § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[5] Notice of Appeal, Doc. 50.

[6] *United States v. Mabry*, 728 F.3d 1163, 1164 (10th Cir. 2013), *cert. denied*, 134 S. Ct. 1354 (Feb. 24, 2014).

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> [t]he judge who receives the motion must properly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[7]  The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[8]  An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[9]

### III.    Analysis

In his motion, Petitioner argues that his conviction was obtained: (1) due to an unconstitutional search and seizure, and (2) as a result of a guilty plea that was not made with the understanding of its consequences.  He also claims ineffective assistance of counsel due to an alleged failure to raise and preserve issues for appeal. Based on a review of the record, the Court finds Petitioner's assignments of error to be without merit.

---

[7] 28 U.S.C. § 2255(b).

[8] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996).

[9] *See id.* (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

### A.  Grounds One and Four: Basis of Petitioner's Conviction

In his first assignment of error, Petitioner argues that his conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure.  More specifically, Petitioner alleges that the officers did not have the authority to enter his residence given their lack of a "reasonable belief" that Petitioner was present in the house at the time they sought to serve the arrest warrant.  Petitioner's argument is without merit.

First and foremost, the Court notes Petitioner's failure to assert this claim on direct appeal of his judgment of conviction.  "Review under § 2255 is not an alternative to appellate review for claims that could have been presented on direct appeal but were not."[10]  A petitioner may overcome this procedural bar by showing either of "two well recognized exceptions."[11] "First, the movant must show good cause for not raising the issue earlier and actual prejudice to the movant's defense if the issue is not considered."[12]  Cause may "be established by showing that counsel rendered constitutionally ineffective assistance."[13]  Second, a petitioner must show that the "failure to consider the federal claims will result in a fundamental miscarriage of justice."[14]

Here, Petitioner alleges good cause based on his counsel's failure to both raise this claim and preserve the same for appeal.  Review of Petitioner's entire petition reveals that Petitioner

---

[10] *United States v. Magleby*, 420 F.3d 1136, 1139 (10th Cir. 2005), *cert. denied*, 547 U.S. 1097 (2006).

[11] *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004), *cert. denied*, 544 U.S. 904 (2005).

[12] *United States v. Molina*, 2013 WL 6561252, at *4 (D. Kan. Dec. 13, 2013) (citing *Cervini*, 379 F.3d at 990).

[13] *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002) (internal citations omitted).

[14] *Molina*, 2013 WL 6561252, at *4 (citing *Cervini*, 379 F.3d at 990) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *see also Bousley v. United States*, 523 U.S. 614, 621-22 (1998) (holding that a showing of actual innocence meets the fundamental miscarriage of justice prong).

actually asserts this argument in his ground four, which he captions "denial of full and fair litigation of my Fourth Amendment issue." As such, the following discussion will resolve both grounds one and four of Petitioner's petition.

In general, to succeed on a claim of ineffective assistance of counsel, a petitioner must meet the two-prong test set forth in *Strickland v. Washington*.[15]  Under *Strickland*, a petitioner must prove that: (1) his counsel's representation was constitutionally deficient because it fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the petitioner because it deprived him of the right to a fair trial.[16]  To prevail on the first prong, a petitioner must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent assistance."[17]  This standard is "highly demanding."[18]  Strategic or tactical decisions on the part of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy."[19]  The reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error.[20]  "[E]very effort should be made to eliminate the distorting effects of hindsight."[21]

With regard to the second prong, a petitioner "must show there is a reasonable probability that, but for his counsel's professional errors, the result of the proceeding would have been

---

[15] 466 U.S. 668 (1984).

[16] *Id*. at 687-88.

[17] *Id*. at 690.

[18] *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[19] *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quoting *Hatch*, 58 F.3d at 1459).

[20] *See Edens v. Hannigan*, 87 F.3d 1109 (10th Cir. 1996).

[21] *Id*. at 1114 (quoting *Strickland*, 466 U.S. at 689).

different."[22]  A reasonable probability is a "probability sufficient to undermine confidence in the outcome."[23]  This requires the court to focus on "the question [of] whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[24]  In cases where a petitioner pleads guilty, the Supreme Court has held that prejudice can only be shown if there is "a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial."[25]  Courts reviewing an attorney's performance must exercise deference, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[26]

Because the basis of Petitioner's claim is his counsel's alleged failure to raise an issue, the Court must first look to the merits of the omitted issue.[27]  "Counsel's failure to raise a meritless issue is not prejudicial, so cannot constitute ineffective assistance." [28]

With regard to arrest warrants, the United States Supreme Court has recognized that, despite the Constitution's special regard for the home, "an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within."[29]  The Tenth Circuit has consistently

---

[22] *Strickland*, 466 U.S. at 694.

[23] *Id.*

[24] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[25] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[26] *Strickland*, 466 U.S. at 689-90.

[27] *See Glynn v. Heimgartner*, 2013 WL 2449545, at *11 (D. Kan. June 5, 2013).

[28] *Id.* (citing *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006)).

[29] *Payton v. New York*, 445 U.S. 573, 603 (1980).

applied this standard using a two-step test: an arrest warrant bestows upon law enforcement the limited authority to enter a dwelling if they "have a reasonable belief the arrestee (1) lived in the residence, and (2) is within the residence at the time of entry."[30]

Here, Petitioner concedes the first prong that the officers had a reasonable belief that he lived in the residence but argues that police had no reasonable belief that he was *within* the residence at the time of entry.  In support of his argument, Petitioner points to the fact that his girlfriend denied his presence and tried to shut the door on the officers.  However, the actual evidence in this case belies Petitioner's assertion.  During the hearing on Petitioner's motion to suppress, SEO Evans testified that when Petitioner's girlfriend opened the door, Petitioner was clearly visible in the house and was in fact walking toward the front door.  It was only *after* officers saw Petitioner in the house that they actually entered the residence.  Based upon this evidence, there are no reasonable grounds upon which counsel could have challenged the initial entry into Petitioner's home.  Petitioner therefore fails to satisfy the first *Strickland* prong.

Furthermore, Petitioner cannot prove that, but for his counsel's alleged failure to include a challenge to the initial entry, he would have insisted on going to trial.  During the plea colloquy, when the Court informed Petitioner of his right to proceed to trial. Petitioner indicated his desire to plead guilty.  At no time during his plea hearing did Petitioner acknowledge any reason for his guilty plea other than his actual guilt.  Petitioner therefore fails to show prejudice as a result of counsel's alleged failure to challenge the actual entry into his residence.  As such, Petitioner's ground one is procedurally defaulted and is therefore dismissed.  Likewise, Petitioner's fourth assignment of error is without merit and is dismissed.

---

[30] *United States v. Gay*, 240 F.3d 1222, 1226 (10th Cir. 2001).

**B.  Ground Two: Voluntariness of Petitioner's Guilty Plea**

Petitioner next argues that his guilty plea was not knowingly, voluntarily, and intelligently made.  Specifically, Petitioner contends that his attorney made false promises with regard to Petitioner's ability to appeal the actual entry into his home and that, absent these false promises, he would not have pleaded guilty and would have instead insisted on going to trial. The change of plea colloquy contradicts Petitioner's assertions.

As is common practice for change of plea hearings, the Court engaged Petitioner in a lengthy discussion about the specific details and ramifications of his plea, as well as his knowledge of the promises contained in the plea agreement and Petitioner's willingness to proceed with his plea.  The Court explained to Petitioner that he did not have to plead guilty and that he was instead entitled to proceed to trial.  Petitioner assured the Court that he wanted to proceed with the plea.  Petitioner confirmed that no one had made him any promises, aside from those contained in the plea agreement, in an effort to persuade him to plead guilty.  He also confirmed that he was entering the plea because he was, in fact, guilty of the crimes charged and that he was doing so freely and voluntarily.

Furthermore, Petitioner signed the Petition to Enter Plea of Guilty in which he confirmed the following:

> I offer my plea of "GUILTY" freely and voluntarily, and further state that my plea of guilty is not the result of any force or threats against me, *or of any promises made to me other than those asserted in this petition*.  I further offer my plea of "GUILTY" with full understanding of all the matters set forth in the Indictment, in this petition, and in the certificate of my attorney which is attached to this petition.[31]

---

[31] Petition to Enter Plea of Guilty and Order Entering Plea, Doc. 41, p. 5 (emphasis added).

Based on this evidence, the record conclusively shows that Petitioner's plea was made freely and voluntarily with an understanding of its consequences. Therefore, Petitioner's ground two is without merit and is dismissed.

**C.  Ground Three: Ineffective Assistance of Counsel Based on False Promises**

In ground three of his § 2255 petition, Petitioner alleges that his counsel was ineffective by assuring him that his conditional plea preserved for appeal a challenge to the actual entry of Petitioner's home despite the fact that counsel failed to assert such a challenge in the trial court. Petitioner now claims that had he had

> any indication that his attorney was going to completely ignore the illegality of the entry into the house and instead only preserve the search issues after [law enforcement] had made their entry sans any reasonable belief that he was present, he would have been adamant in insisting on going to trial.[32]

As noted above, in order to succeed on a claim for ineffective assistance of counsel, a petitioner must show both that his counsel's representation fell below an objective standard of reasonableness *and* prejudice, which, in cases where there is a guilty plea, requires a petitioner to show that, but for the unreasonable conduct of counsel, he would not have pleaded guilty and would have instead insisted on going to trial.[33]  Applying these standards to Petitioner's third assignment of error, the Court finds no ineffectiveness on the part of counsel.  Even if the Court assumes that counsel's performance was deficient based on Petitioner's unsubstantiated allegation that he was informed by counsel that his right to challenge the actual entry into his home was preserved by his conditional plea, Petitioner still has not shown prejudice.  In particular, Petitioner has not shown a reasonable probability that if he had had full knowledge

---

[32] Petitioner's Memorandum in Support, Doc. 64, p. 12.

[33] *Strickland*, 466 U.S. at 690.

that the actual entry was not preserved for appeal, he would not have pleaded guilty and would have instead insisted on going to trial.   In his plea petition and colloquy, Petitioner unquestioningly confirmed that there were no promises made, outside of those contained in the plea agreement, to induce his guilty plea.   Petitioner also confirmed that he was satisfied with counsel's handling of his case despite the fact that he now claims that counsel failed to do the two things he allegedly specifically asked him to do: challenge the constitutionality of the actual entry into his home and preserve the same for appeal.   When the Court informed Petitioner of his right to proceed to trial, Petitioner indicated his desire to plead guilty.   At no time during his plea hearing did Petitioner acknowledge any reason for his guilty plea other than his actual guilt. Petitioner therefore fails to show prejudice as a result of counsel's alleged false promises.

Furthermore, the Court notes that Petitioner presents no evidence that he was unaware that his attorney did not present or preserve the issue of actual entry for appeal.   Petitioner's motion to suppress was filed on August 18, 2011, and the Court conducted a lengthy oral argument, for which Petitioner was present, on September 1, 2011, more than two months before his plea.   During the argument, there was virtually *no* mention of the constitutionality of the officers' actual entry into Petitioner's residence.   In fact, the only mention of the officers' entry came at the end of the argument when there was a brief discussion concerning whether Petitioner's girlfriend consented to the officers *searching* the premises, not whether the officers could actually *enter* the premises.[34]   Therefore, Petitioner's third assignment of error is dismissed.

---

[34] Transcript of Oral Argument of Petitioner's Motion to Suppress, Doc. 57, pp. 80-81.

**D.  Certificate of Appealability**

Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to issue or deny a certificate of appealability upon entering a final adverse order.[35]  This certificate "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[36]  The applicant must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further."[37]  Petitioner fails to meet this standard. The Court therefore declines to issue a certificate of appealability for this order.

**IT IS THEREFORE ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 63) is hereby **DENIED.**

**IT IS SO ORDERED**.

Dated this 8th day of July, 2014.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[35] *United States v. Smith*, 2013 WL 1898144, at *4 (D. Kan. May 7, 2013).

[36] 28 U.S.C. § 2254(c)(2).

[37] *Smith*, 2013 WL 1898144, at *4 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).